UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

YUJIE WANG,

Petitioner,

v.

JEREMY CASEY, et al.,

Respondents.

Case No.: 26-cv-6282-CAB-VET

**ORDER DISMISSING WITHOUT PREJUDICE PETITION FOR A WRIT OF HABEAS CORPUS**

Pending before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Yujie Wang. [Doc. No. 1 ("Petition").] Petitioner is a Chinese national who was admitted to the United States with a B2 visitor visa on December 25, 2024 for a period not to exceed 180 days. [Petition at 2, 9.] Petitioner remained in the United States beyond this period. [*Id.*] Immigration authorities detained Petitioner on October 13, 2026 while he was driving from Arizona. [Doc. No. 10-2 at 5.] Petitioner was scheduled for a bond hearing under 8 U.S.C. § 1226(a) on October 19, 2026 but Petitioner withdrew his request "after the proposed sponsor was deemed not qualified." [Petition at 5; *see also* Doc. No. 10 at 3.]

///

///

///

Respondents argue that Petitioner is eligible for a bond hearing under § 1226(a)[1] and so the Petition is premature until he exhausts his administrative remedies, namely a bond hearing and subsequent appeal of the bond decision to the Board of Immigration Appeals. [Doc. No. 10 at 3–4; *see also Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) ("[Petitioner] pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. [Petitioner] should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision.").] Based on Respondents' admission that Petitioner is detained under § 1226(a), he may request a bond hearing from immigration authorities when he is prepared to move forward with the hearing. The Court therefore agrees that the Petition is premature and so **DISMISSES** the Petition without prejudice.

<u>The Clerk of the Court shall close the case.</u>

It is **SO ORDERED.**

Dated: November 23, 2026

Hon. Cathy Ann Bencivengo
United States District Judge

[1] Based on the criminal history detailed in the narrative of Petitioner's detention, [Doc. No. 10-2 at 5–6], it appears Petitioner might be subject to mandatory detention under 8 U.S.C. § 1226(c). Respondents do not invoke § 1226(c), however, and so the Court did not have the opportunity to consider this argument.